UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 00-6114-CR-ZLOCH
MAGISTRATE JUDGE CASE NO. 00-4095-AMS

UNITED STATES OF AMERICA,

      Plaintiff,

v.

SEAN FITZGERALD THOMPSON,

      Defendant.

_____/



## MOTION TO RECONSIDER BAIL DETERMINATION

The defendant, Sean F. Thompson, by and through undersigned counsel, hereby respectfully requests that this court reconsider the bail determination made in his case. In support of this motion, defendant states as follows:

1. On May 9, 2000, Mr. Thompson appeared before United States Magistrate Judge Seltzer for a hearing on the government's request that Mr. Thompson be detained pending the resolution of his case.

2. The government proceeded on the theory that Mr. Thompson was a flight risk. In support of its position, the government presented evidence that Mr. Thompson claimed to be born in the United States on an application for a United States passport. The government also presented a Bahamian visa application filled out by Mr. Thompson stating that Mr. Thompson was born in the Bahamas. Mr. Thompson's high school transcripts also noted that he was born in the Bahamas.

3. Counsel for Mr. Thompson did not challenge the evidence presented by the



government. Instead, counsel for Mr. Thompson proffered evidence that demonstrated Mr. Thompson's substantial ties to the community. Specifically, if called to testify, Mr. Thompson's father, Patrick Thompson Sr., and his brother, Patrick Thompson Jr., would have testified that they are United States citizen residing in South Florida and that they would have signed a personal surety bond to guarantee Mr. Thompson's presence at all court proceedings.

4. Mr. Todd Frenney, Mr. Thompson's companion, would have testified that the two have been in a committed relationship for the past three years. They live together and share expenses. Mr. Frenney, also a United States citizen, would have also signed a personal surety bond to guarantee Mr. Thompson's presence at all court proceedings.

5. Finally, counsel for Mr. Thompson proffered evidence that Mr. Thompson is gainfully employed as a computer technician and that he would remain employed if released on bond. Mr. Thompson also offered, though counsel, to submit to any conditions that the court may deem adequate to ensure his presence in court including electronic monitoring and house arrest. Mr. Thompson has no criminal record.

6. Following the hearing, counsel for the Government and Mr. Thompson agreed on a $150,000.00 corporate surety bond with a *Nebbia* condition based on a likelihood that Mr. Thompson would be ordered detained.

7. During the Magistrate Judge calendar that followed, another defendant, Jude Fredrick, appeared before the court for a bond determination. Mr. Fredrick was charged with the same offense as Mr. Thompson, false statements on a passport application, and both faced a relatively light sentence of zero to six months. *See* U.S.S.G. § 2L2.2. Like Mr. Thompson, Mr. Fredrick was a foreign national, Trinidad and Tabago, legally in the United States on a visa. Also like Mr.

2

Thomspon, Mr. Fredrick was gainfully employed. Unlike Mr. Thompson, Mr. Fredrick had no family here in the United States.

8. Despite the glaring similarities, Mr. Fredrick was granted a personal surety bond and released the same day.

Equity and due process require that similarly situated criminal defendants be treated the same. This is especially true in the bail context. Mr. Thompson is no more of a flight risk than Mr. Fredrick. If anything, Mr. Thompson has greater ties to South Florida with at least three adult United States citizens, all of whom with string ties to Mr. Thompson, willing to guarantee to this Court that Mr. Thompson will make all of his scheduled court appearances.

In light of this Court's ruling in the *Fredrick* case, Mr. Thompson respectfully requests that this Court reconsider its bail decision and grant Mr. Thompson a reasonable bond. Again, Mr. Thompson is willing to abide by any other conditions that this court may fashion in order to demonstrate that he will make all scheduled court appearances.

WHEREFORE, Defendant, Sean F. Thompson, respectfully requests this Court to reconsider its bail determination.

Respectfully submitted,

KATHLEEN M. WILLIAMS
FEDERAL PUBLIC DEFENDER

By: _____
Bernardo Lopez
Assistant Federal Public Defender
Florida Bar No. 884995
101 N.E. Third Avenue, Suite 202
Ft. Lauderdale, FL 33301-1100
Telephone: (954) 356-7436/Facsimile(954)356-7556

3

**Certificate of Service**

I hereby certify that a true and correct copy of the foregoing was mailed on this /_/ day of May, 2000 to Lynne Rosenthal, Assistant United States Attorney, at 299 East Broward Boulevard, Fort Lauderdale, Florida 33301.

Bernardo Lopez

S:LOPEZ SeanT bail mtn