UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 00-6114-CR-ZLOCH

UNITED STATES OF AMERICA,

    Plaintiff,

v.

SEAN FITZGERALD THOMPSON,

    Defendant.

**NIGHT BOX
FILED**

JUL 3 2000

CLARENCE MADDOX
CLERK, USDC / SDFL / FTL'

## SENTENCING MEMORANDUM and MOTION TO SENTENCE

## DEFENDANT WITHOUT NEED OF A PRESENTENCE INVESTIGATION REPORT

Defendant, SEAN F. THOMPSON, by and through undersigned counsel, respectfully submits the following sentencing memorandum and respectfully requests that this Court sentence Mr. Thompson without the need for a presentence investigation report. In support of this motion, defendant states as follows:

1.    Mr. Thompson is charged in a three-count indictment with one count of making a false statement on a passport application in violation of 18 U.S.C. § 1542 (Count One), one count of misrepresenting United States citizenship in violation of 18 U.S.C. § 911 (Count Two), and one count of perjury in violation of 18 U.S.C. § 1621 (Count Three). All three counts stem from Mr. Thompson's false statement on his passport application that he was born in Miami and thus a United States Citizen.

2.    Mr. Thompson and the government have entered into a plea agreement where Mr. Thompson agrees to enter a guilty plea to count one of the indictment and the government agrees to



dismiss counts two and three.

3. Mr. Thompson was taken into custody and made an initial appearance before United States Magistrate Judge Simonton on May 4, 2000. A bond hearing was held before United States Magistrate Judge Seltzer, and on May 11, 2000, Mr. Thompson was released on a $100,000.00 personal surety bond. As a condition of bond, Mr. Thompson was placed on twenty-four hour house arrest and monitored electronically. Mr. Thompson continues on house arrest.

4. Mr. Thompson has no prior criminal record.

5. Mr. Thompson was legally admitted into the United States pursuant to a valid visa.

6. Prior to his arrest on the underlying charge, Mr. Thompson was gainfully employed by TAG as a technical service engineer.

7. Mr. Thompson has two young children from a previous marriage whom he helps support.

8. For the past three years, Mr. Thompson has been involved in a domestic relationship with a United States citizen.

9. Since his release on bond, Mr. Thompson has successfully complied with all of the conditions imposed by the Court and pretrial services.

## MEMORANDUM OF LAW

**Sentencing Range** Mr. Thompson's offense is governed by section 2L2.2 of the United States Sentencing Guidelines which covers the offenses of "Fraudulently acquiring documents relating to naturalization, citizenship, or legal resident status for own use; false personation or fraudulent marriage by alien to evade immigration law; fraudulently acquiring or improperly using a United

2

States passport." U.S.S.G. § 2L2.2. Under the section, the base offense level is a level eight (**8**). Id. § 2L2.2(a). None of the specific offense characteristics in § 2L2.2 apply to Mr. Thompson.

Mr. Thompson has clearly demonstrated his acceptance of responsibility for his offense. Since the time of his arraignment, Mr. Thompson, through counsel, informed the government that he would not contest the charges against him and that he would enter a plea of guilty to the charges. Accordingly, pursuant to U.S.S.G § 3E1.1, Mr. Thompson's offense level is decreased by two levels for acceptance of responsibility leaving him at an offense level six (**6**).

Mr. Thompson has no prior criminal record, and thus, his criminal history is a category one (**1**). Under the sentencing table of the Sentencing Guidelines, an offense level of six and a criminal history category of one leaves Mr. Thompson within Zone A of the table at a range of zero to six months (**0-6**). There was no victim in the underlying offense.

**Miscellaneous Factors**. Mr. Thompson is aware that in addition to any punishment that this Court may deem proper to impose on him, his actions will likely have negative immigration consequences and will likely result in his being deported. If Mr. Thompson is deported, it will result in an additional punishment equal to or greater than any punishment meted out by this Court. Mr. Thompson has close ties to the community having grown up in the area. His father and siblings, all United States citizens, live in South Florida. In addition, Mr. Thompson has been involved in an established domestic relationship for the past three years with a United States citizen. The fact that Mr. Thompson will likely be further punished for his actions via deportation from the United States should be taken into account in sentencing Mr. Thompson to the lower end of the Guidelines range. In addition to any future punishment, this Court should also take into account the fact that Mr. Thompson has already spent a week in detention and almost two months under twenty-four hour

3

house arrest.

**Proposed Sentence.** As noted above, an offense level of six and a criminal history category of one leaves Mr. Thompson's sentencing range within Zone A of the sentencing table at zero to six months. The Sentencing Guidelines authorize a sentence of probation where the sentencing range falls within Zone A of the sentencing table. U.S.S.G. § 5B1.1(a)(1). The Sentencing Guidelines further provide that "[i]n such cases, a condition requiring a period of community confinement, home detention, or intermittent confinement may be imposed but is not required." U.S.S.G. § 5B1.1(a)(1), comment. (n.1(a)). In cases where the offense level is six or higher, the term of probation "shall be at least one year but not more than five years." U.S.S.G. § 5B1.2(a)(1).

Mr. Thompson respectfully contends that a one-year term of probation that includes a special condition of two months of house arrest would serve as an appropriate sentence in his case. Mr. Thompson has no prior criminal history points. At a level six, the offense level falls within the middle of Zone A. In addition, as noted above, the cold reality of Mr. Thompson's situation is that regardless of the sentence he receives, he is looking at the very likely possibility of additional punishment in the form of deportation from the United States.

Mr. Thompson has already served one week in federal custody and nearly two months under twenty-four hour house arrest. Also, as a result of the home detention, Mr. Thompson lost a well-paying high-tech job. Mr. Thompson respectfully contends that the two months that he has already served under house arrest are sufficient punishment in light of the factors presented to this Court. As the Sentencing Guidelines make clear, "[p]robation may be used as an alternative to incarceration, provided that the terms and conditions of probation can be fashioned so as to meet fully the statutory purposes of sentencing, including promoting respect for law, providing just punishment for the

4

offense, achieving general deterrence, and protecting the public from further crimes by the defendant." U.S.S.G. Ch.5, Pt.B, intro. comment. A sentence of one a one-year term of probation that includes two months of house arrest meets all of those sentencing considerations.

**No Need for a Presentence Investigation Report.** Although a presentence investigation report ("PSI") is helpful and often essential in most criminal cases, the Federal Rules of Criminal Law and the Sentencing Guidelines provide sentencing courts with the discretion to sentence a criminal defendant without the benefit of a PSI where the sentencing court "finds that the information in the record enables it to exercise its sentencing authority meaningfully ... and the court explains its findings on the record." Fed. R. Crim. P. 32(b)(1); U.S.S.G. § 6A1.1. Mr. Thompson's sentencing presents a such a case where this Court can meaningfully exercise its sentencing authority based on the record before it. As noted above, Mr. Thompson's case deals with a single offense with a single offense level where none of the specific offense adjustments apply. The only adjustment in the offense level is for acceptance of responsibility based on Mr. Thompson's timely plea. There are no aggravating or mitigating factors other than those mentioned under the "miscellaneous factors" section above. Even there, the factors are provided only as a guide as to propriety of sentencing Mr. Thompson at the low end of the sentencing range and not as a basis for a departure from the applicable sentencing range. Thus, the Court has before it all the pertinent facts required to properly exercise its sentencing discretion and to sentence Mr. Thompson without the benefit of a PSI.

In the alternative, Mr. Thompson respectfully requests that this Court order a PSI on an expedited basis and that his conditions of release be modified from twenty-four hour home detention to a curfew and that electronic monitoring be terminated.

WHEREFORE, Defendant, Sean F. Thompson, respectfully requests this Court to sentence him without the need of a presentence investigation report to a one-year term of probation that includes two months of house arrest as a condition of probation.

Respectfully submitted,

KATHLEEN M. WILLIAMS
FEDERAL PUBLIC DEFENDER

By _____
Bernardo Lopez
Assistant Federal Public Defender
Florida Bar No. 884995
101 N.E. Third Avenue, Suite 202
Ft. Lauderdale, FL 33301-1100
Telephone: (954) 356-7436/Facsimile(954)356-7556

**Certificate of Service**

I hereby certify that a true and correct copy of the foregoing was mailed and sent via facsimile on this 5th day of July, 2000 to Lynne Rosenthal, Assistant United States Attorney, at 299 East Broward Boulevard, Fort Lauderdale, Florida 33301.

_____
Bernardo Lopez

S:\LOPEZ\Sean\Psentmem.wpd

6